IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| RYAN ELLISON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 cv 7428 |
| | ) | |
| vs. | ) | Judge Charles Kocoras |
| | ) | |
| GENERAL IRON INDUSTRIES, INC., | ) | |
| JOHN W. FRANO, and | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

### Parties

1. Plaintiff is a resident of Illinois.

2. General Iron Industries, Inc. ("General Iron"), is an Illinois corporation.

3. General Iron is a scrap metal collector operating at 1909 North Clifton Avenue in Chicago, Illinois.

4. At all times relevant to this Complaint, Defendant John Frano was a security officer employed by General Iron.

5. At some or all times relevant to this Complaint, Defendant Frano was acting in the course and scope of his employment for General Iron.

6. Defendant Frano is also a duly appointed and sworn Chicago police officer.

7. Alternatively and/or additionally, at some or all times relevant to this Complaint, Defendant Frano was acting in the course and scope of his employment for the City of Chicago.

8. At all times relevant to this Complaint, Defendant Frano was acting under color of state law, ordinance and/or regulation.

9. Defendant Frano is sued in his individual capacity.

### Facts

10. On June 7, 2014, Plaintiff was riding his bike around Chicago, with another individual, for the purpose of taking pictures of himself with various Chicago landmarks.

11. Plaintiff stopped to take a picture with the globe sculpture near the General Iron

1

scrap yard at or near 1909 North Clifton Avenue.

12. Defendant Frano approached, in a pick-up truck, the Plaintiff and his companion, while Plaintiff was on the sidewalk area.

13. Defendant Frano told Plaintiff he had to leave the area, swearing and yelling.

14. Plaintiff responded he was on public property.

15. Defendant Frano jumped out of the truck and approached Plaintiff aggressively, yelling, swearing, and poking Plaintiff in the chest.

16. Defendant Frano did not announce or otherwise make known that he was working as security for General Iron.

17. Defendant Frano did not announce or otherwise make known that he was a Chicago police officer.

18. At the time, Defendant Frano was a Chicago police officer, off-duty, working as security for General Iron.

19. At the time of this incident, Defendant Frano was carrying his Chicago-Police-Department-issued firearm.

20. Plaintiff did not know that Defendant Frano was a Chicago police officer when Defendant Frano approached him.

21. Defendant Frano pulled out his gun and pointed it at Plaintiff.

22. Plaintiff fled, on his bike, out of fear of being shot by Defendant Frano.

23. Defendant Frano, in the truck, proceeded to chase Plaintiff.

24. Defendant Frano drove the truck at a high speed, against traffic, through stop lights and signs, and onto the sidewalk as he chased Plaintiff.

25. Plaintiff feared that Defendant Frano would hit him or run him over with the truck.

26. At some point, Plaintiff managed to get away from Defendant Frano.

27. Eventually, other Chicago police officers arrived to Plaintiff's location and took Plaintiff into police custody.

28. These other Chicago police officers arrested and charged Plaintiff based on

Defendant Frano's allegations.

29. Plaintiff was charged with trespassing, aggravated assault to a police officer, and felony aggravated battery to a police officer.

30. Plaintiff was criminally prosecuted for these charges.

31. Defendant Frano testified against Plaintiff at the preliminary hearing and criminal trial.

32. On June 13, 2014, at a hearing in the criminal proceeding, Defendant Frano testified that he displayed his badge and identified himself as a Chicago police officer after he first approached Plaintiff.

33. The aggravated assault and battery charges against Plaintiff included the element(s) that the alleged victim (Defendant Frano) be a peace officer performing his official duties.

34. On October 21, 2015, Plaintiff was found not guilty of all charges.

35. Plaintiff spent approximately seven months in maximum security in Cook County Jail as a result of the criminal charges initiated against him by Defendant Frano.

36. There was no probable cause or any other legal justification to arrest or seize Plaintiff.

37. Plaintiff had not violated any city, state or federal law.

38. Defendant Frano did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law.

39. Defendant Frano did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or seize Plaintiff.

40. Defendant Frano provided a false and incomplete version of the event to other police officers investigating the incident in order to fabricate probable cause to arrest Plaintiff.

41. Defendant Frano provided a false and incomplete version of the event to other police officers investigating the incident in order to justify and hide his use of force, assault and battery against Plaintiff.

42. Defendant Frano provided a false and incomplete version of the event to other

police officers investigating the incident in order to cover-up his illegal, tortious, injurious and unprofessional conduct.

43. Defendant Frano acted willfully and wantonly, intentionally, maliciously, negligently, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

44. As a direct and proximate result of the acts of Defendant Frano, described above, Plaintiff suffered damages including loss of physical liberty, loss of time, loss of normal life, loss of his beloved pet, and severe emotional distress, and pecuniary damages including attorneys' fees, monies posted for bond, lost wages, and property loss/damage.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure - against Defendant Frano)

45. Plaintiff realleges paragraphs 1 through 44 as if fully set forth herein.

46. After Defendant Frano approached Plaintiff, Plaintiff was not free to leave.

47. Defendant Frano seized Plaintiff.

48. Defendant Frano did not have a reasonable suspicion and/or probable cause, based on specific and articulable facts, that Plaintiff had committed a crime or was about to commit a crime.

49. Defendant Frano did not have any other legal justification to seize Plaintiff.

50. The seizure of Plaintiff without reasonable suspicion, probable cause and/or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment for Plaintiff,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (Malicious Prosecution as to Defendant Frano)

51. Plaintiff realleges paragraphs 1 through 44 as if fully set forth herein.

52. Defendant Frano commenced or continued criminal charges against Plaintiff for

4

trespass, aggravated assault and aggravated battery.

53. Defendant Frano did not have probable cause to commence or continue these criminal charges against Plaintiff.

54. Defendant Frano commenced or continued the criminal charges with malice.

55. The charges were terminated in a manner favorable to Plaintiff when Plaintiff was found not guilty by a jury at trial.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment for Plaintiff,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (Intentional Infliction of Emotional Distress as to Defendant Frano)

56. Plaintiff realleges paragraphs 1 through 44 as if fully set forth herein.

57. Defendant Frano's conduct was extreme and outrageous.

58. Defendant Frano intended to cause Plaintiff severe emotional distress, or knew that there was a high probability that his conduct would cause Plaintiff severe emotional distress.

59. Defendant Frano's conduct caused Plaintiff severe emotional distress.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment for Plaintiff,

b) Award compensatory damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (False Arrest/Seizure as to Defendant Frano)

60. Plaintiff realleges paragraphs 1 through 44 as if fully set forth herein.

61. After Defendant Frano approached Plaintiff, Plaintiff was not free to leave.

62. Defendant Frano seized Plaintiff.

63. Defendant Frano did not have a reasonable suspicion and/or probable cause based

5

on specific and articulable facts, that Plaintiff had committed a crime or was about to commit a crime.

64. Defendant Frano did not have any other legal justification to seize Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment for Plaintiff,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (Assault as to Defendant Frano)

65. Plaintiff realleges paragraphs 1 through 44 as if fully set forth herein.

66. Defendant Frano intentionally put Plaintiff in fear and/or apprehension of imminent harmful and/or offensive contact with Plaintiff's person by pointing a gun at Plaintiff and pursuing Plaintiff in the vehicle Frano was driving.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment for Plaintiff,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Battery as to Defendant Frano)

67. Plaintiff realleges paragraphs 1 through 44 as if fully set forth herein.

68. Defendant Frano intentionally caused harmful and/or offensive contact with Plaintiff's person by poking him in the chest.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment for Plaintiff,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VII
### (In the alternative to Counts V and VI, Negligence as to Defendant Frano)

69. Plaintiff re-alleges paragraphs 1 through 44 as if fully set forth herein.

70. At all relevant times Defendant Frano had a duty to perform his job duties in a reasonably safe manner so as to not threaten, injure or otherwise harm individuals on or near the premises.

71. Notwithstanding said duty, Defendant Frano committed one or more of the following careless or negligent acts or omissions:

    a) failed to perform his job duties in a manner so as to not injure Plaintiff;

    b) applied unreasonable force to Plaintiff's person during the occurrence;

    c) failed to identify himself or otherwise announce his role and/or purpose;

    d) failed to advise the Plaintiff in a reasonable manner regarding any alleged trespass to private property;

    e) threatened Plaintiff with injury and/or death; and

    f) was otherwise negligent during the occurrence.

72. As a direct and proximate result of one of the aforementioned careless and negligent acts or omissions by Defendant Frano, Plaintiff sustained injuries of a personal and pecuniary nature, as described above.

WHEREFORE, Plaintiff asks this Honorable Court to:

a) Enter judgment against Defendant Frano;

b) Award Plaintiff compensatory damages;

c) Award costs; and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT VIII
### (In the alternative to Counts V, VI and VII, Willful and Wanton Conduct as to Defendant Frano)

73. Plaintiff realleges paragraphs 1 through 44 as if fully set forth herein.

74. At all relevant times Defendant Frano had a duty to perform his job duties in a reasonably safe manner so as to not threaten or injury or otherwise harm individuals on or near

the premises.

75. Defendant Frano breached that duty.

76. Defendant Frano's breach exhibited a reckless disregard for the safety of others, including a failure to exercise ordinary care.

77. Defendant Frano acted with actual intent to harm Plaintiff, or with a conscious disregard for the consequences while he knew the safety of others was involved.

78. Defendant Frano's conduct and conscious disregard of Plaintiff's safety deliberately caused a highly unreasonable risk of harm to others.

79. Defendant Frano knew of the possible harm and danger to Plaintiff, and failed to exercise ordinary care to prevent the danger.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment for Plaintiff,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IX
### (State Law *Respondeat Superior* Claim as to Defendant General Iron)

80. The acts of Defendant Frano described in the above paragraphs and state law claims were committed in the scope of his employment with Defendant General Iron.

81. Pursuant to *respondeat superior*, Defendant General Iron is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant General Iron, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT X
### (In the alternative and/or in addition to Count IX)
### (State Law *Respondeat Superior* Claim as to Defendant City of Chicago)

82. The acts of Defendant Frano described in the above paragraphs and state-law claims Counts II-VI, VII were willful and wanton and/or intentional, and committed in the scope of his employment with Defendant General Iron.

83. Pursuant to *respondeat superior*, Defendant City of Chicago is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago, and such other and additional relief that this Honorable Court deems just and equitable.

### COUNT XI
### (In the alternative and/or in addition to Count IX)
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

84. The acts of Defendant Frano described in the above paragraphs and claims Counts I-VI, VII were willful and wanton and/or intentional, and committed in the scope of employment.

85. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from Defendant Frano's actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant City of Chicago to indemnify Defendant Frano for any judgment for compensatory damages in this case arising from his actions.

Respectfully submitted,

s/ Amanda S. Yarusso
*Counsel for the Plaintiff*

Lawrence Jackowiak
Amanda Yarusso
Jackowiak Law Offices
111 W Washington St
Suite 1500
Chicago, Illinois  60602
(312) 795-9595